**ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C.-Atlanta

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MAR 3 0 2005

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

TPI HOLDINGS, INC.,          )
                             )
        Plaintiff,           )
                             )
v.                           )    Civil Action No. **1 05 C V 0862**
                             )
HIEU NGUYEN,                 )
                             )
        Defendant.           )    **-JOF**
                             )
_____)

## COMPLAINT

Plaintiff TPI Holdings, Inc. alleges the following for its Complaint against Defendant Hieu Nguyen:

### JURISDICTION AND VENUE

1.    This is an action at law and in equity for trademark infringement, cybersquatting, and unfair competition arising under the federal Lanham Act, codified as amended at 15 U.S.C. §§ 1051-1127, the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and the common law.

2.    The Court has jurisdiction over the subject matter of this action under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. § 1338.

FORMS RECEIVED
Consent To US Mag. _____
Pretrial Instructions _____
Title VII-NTC
_____

ATLLIB01 1946638.2

1

3.      On information and belief, Defendant is doing business in this district and is subject to the jurisdiction of this Court.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391, because the acts complained of are occurring in this district and because, on information and belief, Defendant does business in this district.

## THE PARTIES

5.      Plaintiff TPI Holdings, Inc. ("Plaintiff" or "TPI") is a corporation organized under the laws of the State of Delaware with its principal place of business located at 1400 Lake Hearn Drive, N.E., Atlanta, Georgia 30319.  TPI is the owner of the trademarks and registrations at issue in this suit.  Its affiliate Trader Publishing Company is the licensee of the marks.  "Plaintiff" shall include TPI and its predecessor and affiliates, including Trader Publishing Company.

6.      On information and belief, Defendant Hieu Nguyen ("Defendant" or "Nguyen") is an individual residing in the State of Arizona.  Defendant is the registrant of several domain names, including the following:

>           autotrader24hr.com
>           traderonthe.net
>           rvbluebook.biz
>           azclassifieds.com

2

True and correct copies of the print-outs showing registration information for each of the domain names are attached as Exhibit A. Defendant provided the following inaccurate and incomplete addresses when registering the domain names:

> 1709 W. MT
> Phoenix, Arizona 85021
>
> 6822 N.
> Phoenix, Arizona 85021

However, a search of the <whitepages.com> web site indicates that "Hieu Nguyen" resides and may be served at the following address:

> 4135 W. Solar Dr.
> Phoenix, Arizona 85051-8185

A true and correct copy of the print-out from the <whitepages.com> web site is attached as Exhibit B.

7. Defendant's domain names <autotrader24hr.com>, <traderonthe.net>, and <rvbluebook.biz> all currently are associated with active web sites on which consumers can buy and sell vehicles, including autos, boats, collector cars, commercial trucks, motorcycles, and recreational vehicles. True and correct copies of the print-outs from the home pages of the web sites associated with each of these domain names are attached as Exhibit C. On each active web site, consumers have the option to search vehicles available for purchase in the State of Georgia. True and correct copies of the print-outs showing

3

the search results for Georgia, or the ability to select "Georgia" from a drop-down menu of available states, are attached as Exhibit D. Thus, through his commercial, interactive web sites, Defendant is transacting business in this district because he is soliciting advertisements and accepting payments therefor from Georgia residents and is directing those advertisements to Georgia residents.

## PLAINTIFF'S TRADEMARK AND SERVICE MARK RIGHTS

8.    Plaintiff has adopted and used a number of marks incorporating the term "TRADER" (the "TRADER Marks") since at least as early as 1974, including AUTO TRADER, BOAT TRADER, CYCLE TRADER, COLLECTOR CAR TRADER, RV TRADER, and TRUCK TRADER, among others.

9.    Plaintiff is the owner of federal registrations for its TRADER marks, including the following:

| Mark | Reg. No. | Reg. Date |
|---|---|---|
| AUTO TRADER | 2390815 | 10/03/2000 |
| AUTO TRADER | 1247037 | 08/02/1983 |
| AUTOTRADER.COM | 2381590 | 08/29/2000 |
| BIG TRUCK TRADER | 2829945 | 04/06/2004 |
| BOAT & RV TRADER | 1450690 | 08/04/1987 |
| BOAT TRADER | 2389118 | 09/26/2000 |
| BOAT TRADER | 1208249 | 09/14/1982 |
| BOAT TRADERONLINE.COM | 2873930 | 08/17/2004 |
| COLLECTOR CAR TRADER | 2294233 | 11/23/1999 |
| COLLECTOR CAR TRADERONLINE.COM | 2873929 | 08/17/2004 |
| CYCLE TRADER | 2294240 | 11/23/1999 |
| CYCLE TRADER | 1627016 | 12/11/1990 |

| Mark | Reg. No. | Reg. Date |
|---|---|---|
| CYCLE, BOAT, & RV TRADER | 1450707 | 08/04/1987 |
| LUXURY CAR TRADER | 2700080 | 03/25/2003 |
| OLD CAR TRADER | 1911290 | 08/15/1995 |
| OLD CAR TRADER | 2348530 | 05/09/2000 |
| PICK-UP TRADER | 1644398 | 05/14/1991 |
| PICK-UP TRADER | 2295507 | 11/30/1999 |
| RV TRADER | 2294239 | 11/23/1999 |
| RV TRADER | 1822663 | 02/22/1994 |
| RV TRADERONLINE.COM | 2876679 | 08/24/2004 |
| SPORTSCAR TRADER | 1449610 | 07/28/1987 |
| TRADER ONLINE | 2302312 | 12/21/1999 |
| TRUCK TRADER | 2817176 | 02/24/2004 |
| TRUCK TRADERONLINE.COM | 2871209 | 08/10/2004 |
| YACHT TRADER | 1648145 | 06/18/1991 |
| YACHT TRADER | 2349954 | 05/16/2000 |

True and correct copies of print-outs from the U.S. Patent and Trademark Office online database showing these registrations are attached as Exhibit E. These registrations constitute conclusive evidence of Plaintiff's exclusive right to use the marks in connection with the goods and services specified in the registrations.

10.    Plaintiff first used the AUTO TRADER mark at least as early as 1974. Plaintiff has used the AUTO TRADER mark continuously since that time in connection with magazines that provide advertising and information about automobiles and related goods and services. These magazines are distributed throughout the United States. A true and correct copy of the front cover of an AUTO TRADER magazine is attached as Exhibit F.

5

11.    Over the years, beginning in at least July 1996, Plaintiff has extended use of the AUTO TRADER mark to provide advertising and information about automobiles and related products and services via an online electronic communications network, featuring its offerings under the AUTO TRADER mark at its <traderonline.com> site.  A true and correct copy of the homepage of the <traderonline.com> site is attached as Exhibit G.  In addition, Plaintiff has used the AUTOTRADER.COM mark to provide advertising about automobiles and related products and services via an online electronic communications network at its <autotrader.com> site.   A true and correct copy of the homepage from the <autotrader.com> site is attached as Exhibit H.

12.    Plaintiff first used the BOAT TRADER mark at least as early as June 20, 1976.  Plaintiff has used the BOAT TRADER mark continuously since that time in connection with magazines that provide advertising and information about boats and related goods and services.  These magazines are distributed throughout the United States. A true and correct copy of the front cover of a BOAT TRADER magazine is attached as Exhibit I.

13.    Over the years, beginning in at least September 1996, Plaintiff has extended use of the BOAT TRADER mark to provide advertising and information about boats and related products and services via an online electronic

6

communications network, featuring its offerings under the BOAT TRADER mark

at its <traderonline.com> site, as shown on the homepage of the site. (See Exhibit

G hereto.)

14.    Plaintiff first used the BOAT TRADERONLINE.COM mark at least

as early as January 31, 2001. Plaintiff has used the BOAT

TRADERONLINE.COM mark continuously since that time in connection with a

web site at <boattraderonline.com> that provides advertising and information

about boats and related goods and services. A true and correct copy of the home

page from the <boattraderonline.com> web site showing use of the BOAT

TRADERONLINE.COM mark is attached as Exhibit J.

15.    Plaintiff first used the COLLECTOR CAR TRADER mark at least as

early as August 31, 1996. Plaintiff has used the COLLECTOR CAR TRADER

mark continuously since that time to provide advertising and information about

automobiles, and in particular collector cars, and related products and services via

an online electronic communications network, featuring its offerings under the

COLLECTOR CAR TRADER mark at its <traderonline.com> site, as shown on

the homepage of the site. (See Exhibit G hereto.)

16.    Plaintiff first used the COLLECTOR CAR TRADERONLINE.COM

mark at least as early as January 31, 2001. Plaintiff has used the COLLECTOR

7

CAR TRADERONLINE.COM mark continuously since that time in connection with a web site at <collectorcartraderonline.com> that provides advertising and information about automobiles, and in particular collector cars, and related goods and services.    A true and correct copy of the home page from the <collectorcartraderonline.com> web site showing use of the COLLECTOR CAR TRADERONLINE.COM mark is attached as Exhibit K.

17.    Plaintiff first used the CYCLE TRADER mark at least as early as May 5, 1978.  Plaintiff has used the CYCLE TRADER mark continuously since that time in connection with magazines that provide advertising and information about motorcycles and related goods and services.    These magazines are distributed throughout the United States.  A true and correct copy of the front cover of a CYCLE TRADER magazine is attached as Exhibit L.

18.    Over the years, beginning at least on November 30, 1996, Plaintiff has extended use of the CYCLE TRADER mark to provide advertising and information about motorcycles and related products and services via an online electronic communications network, featuring its offerings under the CYCLE TRADER mark at its <traderonline.com> site, as shown on the homepage of the site. (See Exhibit G hereto.)

19.    Plaintiff first used the RV TRADER mark at least as early as March 30, 1989. Plaintiff has used the RV TRADER mark continuously since that time in connection with magazines that provide advertising and information about recreational vehicles and related goods and services.    These magazines are distributed throughout the United States. A true and correct copy of the front cover of an RV TRADER magazine is attached as Exhibit M.

20.    Over the years, beginning in at least December 1996, Plaintiff has extended use of the RV TRADER mark to provide advertising and information about recreational vehicles and related products and services via an online electronic communications network, featuring its offerings under the RV TRADER mark at its <traderonline.com> site, as shown on the homepage of the site. (See Exhibit G hereto.)

21.    Plaintiff first used the RV TRADERONLINE.COM mark at least as early as January 31, 2001. Plaintiff has used the RV TRADERONLINE.COM mark continuously since that time in connection with a web site at <rvtraderonline.com> that provides advertising and information about recreational vehicles and related goods and services. A true and correct copy of the home page from the <rvtraderonline.com> web site showing use of the RV TRADERONLINE.COM mark is attached as Exhibit N.

22.    Plaintiff first used the TRUCK TRADER mark at least as early as September 30, 1977. Plaintiff has used the TRUCK TRADER mark continuously since that time in connection with magazines that provide advertising and information about trucks and related goods and services. These magazines are distributed throughout the United States. A true and correct copy of the front cover of a TRUCK TRADER magazine is attached as Exhibit O.

23.    Over the years, beginning in at least 2001, Plaintiff has extended use of the TRUCK TRADER mark to provide advertising and information about trucks and related products and services via an online electronic communications network, featuring its offerings under the TRUCK TRADER mark at its <traderonline.com> site, as shown on the homepage of the site. (See Exhibit G hereto.)

24.    Plaintiff first used the TRUCK TRADERONLINE.COM mark at least as early as January 31, 2001. Plaintiff has used the TRUCK TRADERONLINE.COM mark continuously since that time in connection with a web site at <trucktraderonline.com> that provides advertising and information about trucks and related goods and services. A true and correct copy of the home page from the <trucktraderonline.com> web site showing use of the TRUCK TRADERONLINE.COM mark is attached as Exhibit P.

10

25.    Since 1974, the year of first use of the AUTO TRADER mark,

Plaintiff has invested more than thirty years of continuous and substantial

corporate efforts and millions of dollars to strengthen and promote the reliability of

goods and services provided under, and identified by, Plaintiff's various TRADER

Marks.  As a result of Plaintiff's substantial and continuous use and marketing of

its AUTO TRADER mark and other TRADER Marks, the marks have become

well known to the public as source identifiers of Plaintiff's high quality reliable

services.

## DEFENDANT'S WRONGFUL ACTS

26.    Long after Plaintiff's marks had become well known as source

identifiers for Plaintiff's services, Defendant embarked on a course of conduct

intended to trade on Plaintiff's goodwill.  Defendant first registered the domain

name <azautoclassifieds.com> (see registration record attached as Exhibit A) and

operated a web site in connection with it that utilized and thereby infringed

Plaintiff's AUTO TRADER mark, as shown in web pages attached hereto as

Exhibit Q.  Defendant eventually took down this site, but also began operating

another site at <rvbluebook.biz> (see registration record attached as Exhibit A), on

which it displayed and infringed Plaintiff's mark, as shown in Exhibit R.

Defendant now has removed the infringing content on the <rvbluebook.biz> web

site, but has become more blatant in its infringement by using not only infringing content, but also infringing domain names.

27.     Prior to setting out to "free-ride" on the goodwill of Plaintiff's marks, on information and belief, Defendant had actual knowledge of Plaintiff's rights and marks because of Plaintiff's longstanding and extensive use of its marks. Defendant also is charged with knowledge of Plaintiff's rights because of Plaintiff's multiple trademark registrations.

28.     On or about February 11, 2004, Defendant registered the domain name <traderonthe.net>. (See Exhibit A hereto.)

29.     The web site associated with Defendant's <traderonthe.net> domain lists classified advertisements that enable consumers to buy and sell vehicles, including boats, cycles, recreational vehicles, automobiles, collector cars, and commercial trucks, just as Plaintiff's web sites do. A true and correct copy of a print-out from the <traderonthe.net> web site is attached as Exhibit S.

30.     When a consumer selects the "Autos" link on Defendant's <traderonthe.net> homepage, the consumer is redirected to a page that prominently features – and infringes – Plaintiff's AUTO TRADER mark. A true and correct copy of a print-out from that page is attached as Exhibit T.

31.    The other pages for boats, cycles, recreational vehicles, collector cars, and commercial trucks also similarly infringe Plaintiff's various TRADER Marks.

32.    When a consumer selects the "Boats" link for boats, the consumer is redirected to a page that features the wording BOAT TRADERONTHE.NET. A true and correct copy of this page from the web site is attached as Exhibit U. Defendant's use of "BOAT TRADER" in connection with "BOAT TRADERONTHE.NET" is confusingly similar to Plaintiff's federally registered BOAT TRADER and BOAT TRADERONLINE.COM marks.

33.    When a consumer selects the "Cycles" link for motorcycles, the consumer is redirected to a page that features the wording CYCLE TRADERONTHE.NET. A true and correct copy of this page from the web site is attached as Exhibit V. Defendant's use of "CYCLE TRADER" in connection with "CYCLE TRADERONTHE.NET" is confusingly similar to Plaintiff's federally registered CYCLE TRADER mark.

34.    When a consumer selects the "RVs" link for recreational vehicles, the consumer is redirected to a page that features the wording RV TRADERONTHE.NET. A true and correct copy of this page from the web site is attached as Exhibit W. Defendant's use of "RV TRADER" in connection with

13

"RV TRADERONTHE.NET" is confusingly similar to Plaintiff's federally registered RV TRADER and RV TRADERONLINE.COM marks.

35.    When a consumer selects the "Collector Cars" link for collector cars, the consumer is redirected to a page that features the wording COLLECTOR CAR TRADERONTHE.NET. A true and correct copy of this page from the web site is attached as Exhibit X. Defendant's use of "COLLECTOR CAR TRADER" in connection with "COLLECTOR CAR TRADERONTHE.NET" is confusingly similar to Plaintiff's federally registered COLLECTOR CAR TRADER and COLLECTOR CAR TRADERONLINE.COM marks.

36.    When a consumer selects the "Commercial Trucks" link for commercial trucks, the consumer is redirected to a page that features the wording TRUCK TRADERONTHE.NET. A true and correct copy of this page from the web site is attached as Exhibit Y. Defendant's use of "TRUCK TRADER" in connection with "TRUCK TRADERONTHE.NET" is confusingly similar to Plaintiff's federally registered TRUCK TRADER and TRUCK TRADERONLINE.COM marks.

37.    On or about April 21, 2004, Defendant registered the domain name <autotrader24hr.com>. (See Exhibit A hereto.)

ATLLIB01 1946638 2

38.     The <autotrader24hr.com> domain name incorporates Plaintiff's AUTO TRADER mark exactly and in its entirety.

39.     The web site associated with Defendant's <autotrader24hr.com> domain lists classified advertisements that enable consumers to buy and sell vehicles, including automobiles, just as Plaintiff's web sites do.  A true and correct copy of a print-out from the <autotrader24hr.com> web site is attached as Exhibit Z.

40.     The <autotrader24hr.com> web site prominently features and infringes Plaintiff's AUTO TRADER mark.  (See Exhibit Z hereto.)

41.     Defendant's misuse of marks that are confusingly similar to Plaintiff's TRADER Marks is deceiving the public, causing irreparable harm and damage to Plaintiff, and unlawfully generating income for Defendant.

## COUNT I
## FEDERAL TRADEMARK AND SERVICE MARK INFRINGEMENT

42.     Plaintiff repeats and realleges paragraphs 1-41 as if fully set forth here.

43.     Defendant's unauthorized use of Plaintiff's TRADER Marks and confusingly similar imitations of Plaintiff's TRADER Marks is causing and is likely to cause confusion, deception, and mistake by creating the false and

misleading impression that Defendant's online business and services have the endorsement or approval of Plaintiff, in violation of 15 U.S.C. § 1114.

44.    Defendant's unauthorized use of confusingly similar imitations of Plaintiff's TRADER Marks, notwithstanding his constructive notice and likely actual knowledge of Plaintiff's ownership of the TRADER Marks, demonstrates an intentional, willful, and bad faith intent to trade on the goodwill of Plaintiff's TRADER Marks and to cause confusion, deception, and mistake in the minds of Plaintiff's customers and potential customers to the great and irreparable injury of Plaintiff. Defendant has been unjustly enriched thereby.

45.    Plaintiff is entitled to recover damages for Defendant's infringement. Because damages cannot fully compensate Plaintiff for the irreparable harm caused by Defendant's infringement, Plaintiff also is entitled to injunctive relief.

## COUNT II
## FEDERAL UNFAIR COMPETITION

46.    Plaintiff repeats and realleges paragraphs 1-41 as if fully set forth here.

47.    Defendant's unauthorized use of Plaintiff's TRADER Marks and confusingly similar imitations of Plaintiff's TRADER Marks is causing and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's online business and services have the

16

sponsorship, endorsement, or approval of Plaintiff, in violation of 15 U.S.C. §
1125(a).

48.    Defendant's unauthorized use of confusingly similar imitations of
Plaintiff's <autotrader.com> and <traderonline.com> electronic URL addresses is
causing and is likely to cause confusion, deception, and mistake by creating the
false and misleading impression that Defendant's online business has the
sponsorship, endorsement, or approval of Plaintiff, in violation of 15 U.S.C. §
1125(a).

49.    Defendant's actions demonstrate an intentional, willful, and bad faith
intent to trade on Plaintiff's goodwill and to cause confusion, deception, and
mistake in the minds of Plaintiff's customers and potential customers by implying
a nonexistent sponsorship of Defendant's online business by Plaintiff to the great
and irreparable injury of Plaintiff.

50.    Defendant's unfair competition is causing and likely to cause
substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive
relief, and to recover Defendant's trebled profits, Plaintiff's costs, and Plaintiff's
reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1116 and 1117.

17

## COUNT III
## VIOLATION OF
## THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT

51.    Plaintiff repeats and realleges paragraphs 1-41 as if fully set forth here.

52.    By registering and using the <autotrader24hr.com> and <traderonthe.net> addresses (the "Infringing Domain Names"), Defendant has registered, trafficked in, and used domain names that are confusingly similar to Plaintiff's TRADER Marks, including AUTO TRADER and TRADER ONLINE. Because Defendant had constructive knowledge of Plaintiff's rights in the TRADER Marks, it is clear that Defendant registered the Infringing Domain Names with the bad faith intent of profiting unlawfully from Plaintiff's TRADER Marks.

53.    Defendant registered the Infringing Domain Names and has used them with the intent to divert consumers from Plaintiff's online locations to sites accessible under the Infringing Domain Names that could harm the goodwill represented by Plaintiff's TRADER Marks.    Defendant has registered the Infringing Domain Names with the bad faith intent to profit by creating a likelihood of confusion as to source, sponsorship, or endorsement of the sites.

18

54.    Defendant's action constitute cyberpiracy in violation of 15 U.S.C. §
1125(d).

55.    The unauthorized registration and use of the Infringing Domain
Names has caused, and unless preliminarily and permanently enjoined,
Defendant's registration and continued use of the Infringing Domain Names will
continue to cause, irreparable injury to Plaintiff and to the goodwill associated with
Plaintiff's TRADER Marks.

56.    Defendant's infringing conduct is causing and is likely to cause
substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive
relief, and to recover either statutory damages under 15 U.S.C. § 1117(d) or
Defendant's trebled profits, Plaintiff's costs, and Plaintiff's reasonable attorneys'
fees pursuant to 15 U.S.C. § 1117(a).

## COUNT IV
## COMMON LAW INFRINGEMENT AND UNFAIR COMPETITION

57.    Plaintiff repeats and realleges paragraphs 1-41 as if fully set forth
here.

58.    Defendant has used confusingly similar imitations of Plaintiff's
TRADER Marks with full knowledge of Plaintiff's rights to those marks and with
the willful and calculated purpose of trading upon Plaintiff's established goodwill

19

and business reputation, and in a manner calculated to imply false sponsorship of or approval by Plaintiff, for the purpose of misleading and deceiving the public.

59.    Defendant has used confusingly similar imitations of Plaintiff's <autotrader.com> and <traderonline.com> electronic URL addresses with full knowledge of Plaintiff's rights to those addresses, and with the willful and calculated purpose of trading upon Plaintiff's established goodwill and business reputation, and in a manner calculated to imply false sponsorship of or approval by Plaintiff, for the purpose of misleading and deceiving the public.

60.    Defendant's conduct constitutes infringement of Plaintiff's common law rights to the TRADER Marks and has damaged and will continue to damage irreparably Plaintiff's goodwill and reputation unless restrained by this Court.

61.    Independent of his liability for common law infringement, Defendant also engaged in unfair competition under the common law of Georgia through his attempted reliance on consumer mistakes and confusion, and his deliberate efforts to poach upon Plaintiff's goodwill.

62.    Plaintiff has no adequate remedy at law for remedying Defendant's conduct.

ATLLIB01 1946638.2

## COUNT V
## STATE UNFAIR AND DECEPTIVE TRADE PRACTICES

63.     Plaintiff repeats and realleges paragraphs 1-41 as if fully set forth here.

64.     Defendant has passed off his services as those of Plaintiff, caused a likelihood of confusion or misunderstanding as to source, sponsorship, or approval of his services, represented that his services have the sponsorship or approval of Plaintiff, and represented that his services are of a particular standard or quality.

65.     Defendant's acts constitute unlawful, unfair, and fraudulent business acts or practices in violation of O.C.G.A. § 10-1-370 *et seq.*, entitling Plaintiff to injunctive relief and damages.

66.     Defendant's unauthorized use of a confusingly similar imitation of Plaintiff's TRADER Marks is likely to cause substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover its damages, costs, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1.      That Defendant, his partners, agents, employees, and all persons in active concert or participation with Defendant, be permanently enjoined and restrained from:

(a)    using any trademark, company name, URL designation, or
domain name, including but not limited to the marks AUTO
TRADER,      AUTOTRADER.COM,       BOAT       TRADER,
BOATTRADERONLINE.COM, COLLECTOR CAR TRADER,
COLLECTOR CAR TRADERONLINE.COM, CYCLE TRADER,
RV TRADER, RV TRADERONLINE.COM, TRUCK TRADER, and
TRUCK    TRADERONLINE.COM,    and    the    domain    names
<autotrader24hr.com> and <traderonthe.net>, that is confusingly
similar to any of Plaintiff's TRADER Marks or any other mark owned
by Plaintiff;

(b)    using any trademark, company name, URL designation, or
domain name, including but not limited to the marks AUTO
TRADER,      AUTOTRADER.COM,       BOAT       TRADER,
BOATTRADERONLINE.COM, COLLECTOR CAR TRADER,
COLLECTOR CAR TRADERONLINE.COM, CYCLE TRADER,
RV TRADER, RV TRADERONLINE.COM, TRUCK TRADER, and
TRUCK    TRADERONLINE.COM,    and    the    domain    names
<autotrader24hr.com> and <traderonthe.net>, that is calculated to

22

generate, or benefit from, confusion among customers for Plaintiff's goods and services;

(c)    using as a metatag in connection with Defendant's web site(s) any of Plaintiff's TRADER Marks, or any term confusingly similar to any of Plaintiff's TRADER Marks, or any term that is calculated to generate, or benefit from, confusion among customers for Plaintiff's goods and services;

(d)    passing off to the public that Defendant's business or products or services are those of or originate with Plaintiff;

(e)    engaging in any other conduct which will cause, or is likely to cause, confusion, mistake, deception, or misunderstanding as to the affiliation, connection, or association or origin, sponsorship, or approval of Defendant's online businesses, products, or services with or by Plaintiff; and

(f)    otherwise infringing upon any of the marks comprising Plaintiff's TRADER Marks or unfairly competing with Plaintiff in any manner whatsoever.

2.    That Defendant be ordered to transfer and assign to Plaintiff the <autotrader24hr.com> and <traderonthe.net> domain names.

ATL.LIB01 1946638.2

3.     That an accounting be ordered and judgment be rendered against Defendant for all profits received from the sale, rental, or provision of products or services directly or indirectly in connection with, or advertised or promoted in any manner, utilizing the Infringing Domain Names and confusingly similar imitations of Plaintiff's TRADER Marks.

4.     That the accounting of profits resulting from Defendant's infringement, unfair competition, and false designation of origin of products and services be trebled.

5.     That Plaintiff recover its actual damages.

6.     That the award of actual damages from Defendant's infringement, unfair competition, and false designation of origin of products and services be trebled.

7.     That Plaintiff recover statutory damages under 15 U.S.C. § 1117(d) in the amount of $100,000 per Infringing Domain Name.

8.     That Defendant be required to deliver up for destruction all advertising and promotional materials, labels, cartons, brochures, business stationery, calling cards, information sheets, posters, signs, and any and all other printed or graphic materials of any type, including the plates, molds, or other means of producing the materials, which bear references to Plaintiff's TRADER

24

Marks, confusingly similar imitations of Plaintiff's TRADER Marks, or to the Infringing Domain Names.

9.    That Defendant be directed to file with the Court and serve on Plaintiff, within thirty (30) days after entry of a final injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

10.    That Plaintiff be awarded its costs in connection with this suit, including reasonable attorneys' fees and expenses.

11.    That Plaintiff have such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Judith A. Powell
Georgia Bar No. 586125
Olivia Maria Baratta
Georgia Bar No. 036899
KILPATRICK STOCKTON LLP
1100 Peachtree Street
Suite 2800
Atlanta, Georgia  30309
(404) 815-6500  (telephone)
(404) 815-6555  (facsimile)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TPI HOLDINGS, INC.,              )
                                 )
        Plaintiff,               )
                                 )
v.                               )        Civil Action No. _____
                                 )
HIEU NGUYEN,                     )
                                 )
        Defendant.               )
                                 )
_____)

## CERTIFICATION AS TO FONT

In accordance with Local Rule 7.1(D), the undersigned certifies that this

brief was prepared with Times New Roman 14, a font and point selection approved

by the Court in Local Rule 5.1(B).

_____
Olivia Maria Baratta
Georgia Bar No. 036899

KILPATRICK STOCKTON LLP
1100 Peachtree Street            Attorney for Plaintiff
Suite 2800
Atlanta, Georgia  30309
(404) 815-6500  (telephone)
(404) 815-6555  (facsimile)

26